| tWALTZER, J.,
concurring in part and dissenting in part.
I respectfully dissent from the majority’s decree in this matter. Rather than compelling the trial court to make a'specific determination whether Watson should be released to a traditional facility in Baton Rouge, or to his relatives in Long Beach, Mississippi, I would order the trial court to make a specific determination of whether the prosecution has met its burden proving that the defendant is both mentally ill and dangerous. I do not believe that we can substitute our judgment on this point because of the trial court’s familiarity with the case and the defendant in particular. Often defendants present a picture and body language to the trial judge which we cannot ascertain from the record. A ruling on the mental status of the defendant is necessary before any disposition as to placement may be made. Additionally, assuming that the trial court finds that the prosecution has not met its burden, I am not certain whether the transitional facility in Baton Rouge, or Watson’s relatives in Long Beach, Mississippi are still willing and able to accept Watson for placement (the hearing herein was held in June 2000). The trial court has vast discretion and an enormous responsibility in cases such as this, and I am not prepared to issue an order that is premature or may no longer apply to the situation at hand. I respectfully dissent.